**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ANTHONY STEVEN HALL, JR., <br><br> Defendant. | No. 15-CR-55-LRR <br><br> **ORDER** |

_____

*TABLE OF CONTENTS*

*I.   INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

*II.  RELEVANT PROCEDURAL HISTORY* . . . . . . . . . . . . . . . . . . . . . . . *1*

*III. ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*
  *A.   Stipulation of Facts* . . . . . . . . . . . . . . . . . . . . . . . . . *3*
  *B.   Prior Convictions* . . . . . . . . . . . . . . . . . . . . . . . . . . *6*
    *1.   Rule 404(b)* . . . . . . . . . . . . . . . . . . . . . . . . . *6*
    *2.   Rule 609* . . . . . . . . . . . . . . . . . . . . . . . . . . *8*
  *C.   Conduct During Arrest* . . . . . . . . . . . . . . . . . . . . . . . . *9*
  *D.   Multiple Girlfriends* . . . . . . . . . . . . . . . . . . . . . . . . *11*
  *E.   Sexually Explicit Videos* . . . . . . . . . . . . . . . . . . . . . . *12*
  *F.   Child Car Seat* . . . . . . . . . . . . . . . . . . . . . . . . . . . *12*

*IV.  CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *13*

*I. INTRODUCTION*

The matters before the court are the government's "Rule 104(a) Motion" ("Government Motion") (docket no. 60) and Defendant Anthony Steven Hall, Jr.'s "Motion in Limine" ("Defense Motion") (docket no. 66).

*II. RELEVANT PROCEDURAL HISTORY*

On July 6, 2015, Defendant pleaded guilty to a one-count Information (docket no. 2) during a plea hearing held before United States Chief Magistrate Judge Jon S. Scoles. *See* July 6, 2015 Minute Entry (docket no. 8). The court accepted Defendant's guilty plea

on July 21, 2015.  *See* July 21, 2015 Order (docket no. 13).  On March 24, 2016, Defendant successfully withdrew his guilty plea.  *See* March 24, 2016 Order (docket no. 46) (granting Defendant's motion to withdraw); *see also* Motion to Withdraw Guilty Plea (docket no. 28).

On April 6, 2016, the grand jury returned a three-count Indictment (docket no. 51), charging Defendant with: (1) possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1); (2) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c); and (3) possession of a firearm by an unlawful drug user and felon in violation of 18 U.S.C. § 922(g)(1) & (3).[1]  Defendant has pleaded not guilty and a jury trial is scheduled to commence on June 13, 2016.  *See* Trial Scheduling Order (docket no. 58).  On May 24, 2016, the government filed the Government Motion.  On May 24, 2016, Defendant filed a Response (docket no. 61) to the Government Motion.  On May 31, 2016, Defendant filed the Defense Motion.  On June 2, 2016, the government filed a Resistance (docket no. 67) to the Defense Motion.  On June 2, 2016, the parties appeared before the court for a final pretrial conference, during which they addressed the issues appearing in the Government Motion and the Defense Motion.  *See* June 2, 2016 Minute Entry (docket no. 69).  At the final pretrial conference, Defendant testified in resistance to the Government Motion.  *See id.*  On June 3, 2016, the court heard rebuttal evidence from the government.  *See* June 3, 2016 Minute Entry (docket no. 71).  The matter is fully submitted and ready for decision.

### III.  ANALYSIS

The government requests a pretrial ruling on the admissibility of the stipulation of facts from Defendant's withdrawn plea agreement.  *See* Government Motion at 1. Defendant requests pretrial rulings excluding the following: (1) various of Defendant's

---

[1] On May 25, 2016, the government amended the Indictment to reflect a technical correction to the statute cited for Count 2.  *See* Amended Indictment (docket no. 65).

prior convictions; (2) evidence that Defendant engaged in a physical altercation, attempted to flee and was tased by law enforcement during his arrest; (3) evidence that Defendant has multiple girlfriends; (4) evidence that Defendant's cell phone contained sexually explicit videos; and (5) evidence that there was a child seat inside the vehicle Defendant was driving when stopped by law enforcement. *See* Defense Motion at 1-2. The court will address each issue in turn.

### A. Stipulation of Facts

The government seeks to admit the stipulation of facts included in Defendant's withdrawn plea agreement. *See* Government Motion at 1. The government argues that the stipulation of facts is admissible pursuant to Defendant's waiver of his rights under Federal Rule of Evidence 410. *See* Brief in Support of Government Motion (docket no. 60-2) at 6-7; *see also* Exhibit 1 to Government Motion (docket no. 60-2) at 2-3 (portion of plea agreement wherein Defendant initialed his waiver of rights under Rule 410). Defendant argues that the purported waiver of rights under Rule 410 is invalid because Defendant did not waive his rights knowingly and voluntarily. *See* Brief in Support of Response (docket no. 61-1) at 2.

Rule 410 provides:

> [E]vidence of the following is not admissible against the defendant who made the plea or participated in the plea discussions: (1) a guilty plea that was later withdrawn; (2) a nolo contendere plea; (3) a statement made during a proceeding on either of those pleas . . . ; or (4) a statement made during plea discussions with an attorney for the prosecuting authority if the discussions did not result in a guilty plea or they resulted in a later-withdrawn plea.

Fed. R. Evid. 410(a) (formatting omitted). "Under Rule 410, statements made in the course of plea negotiations are inadmissible against the defendant. This right of the defendant, however, is waivable by agreement, unless there is 'some affirmative indication that the agreement was entered into unknowingly or involuntarily.'" *United States v.*

*Quiroga*, 554 F.3d 1150, 1154 (8th Cir. 2009) (quoting *United States v. Young*, 223 F.3d 905, 909 (8th Cir. 2000)). When determining whether such waiver is knowing and voluntary, courts must "look to the circumstances surrounding the signing and entry of the plea agreement to determine whether the defendant willfully agreed to its terms." *United States v. Washburn*, 728 F.3d 775, 781 (8th Cir. 2013) (quoting *Young*, 223 F.3d at 909).

At the final pretrial conference, Defendant testified in support of his argument that the waiver of rights was not knowing and voluntary. *See* June 2, 2016 Minute Entry. Defendant testified that he had no memory of his prior counsel discussing Rule 410 with him, but admitted that prior counsel did walk him through the stipulation of facts. Defendant further testified that he pleaded guilty to reduce his sentencing exposure but that he is innocent and disputes the truth of the stipulation of facts.

The day following the final pretrial conference, the government called Defendant's prior counsel to testify in rebuttal to Defendant's testimony. *See* June 3, 2016 Minute Entry. Defendant waived his attorney-client privilege before prior counsel's testimony. *See id.* Prior counsel testified that he was aware of no impairment that would prevent Defendant from understanding the plea agreement as he discussed it with Defendant. Prior counsel further testified that it is his standard practice to inform clients of the Rule 410 waiver in every case that involves a plea agreement containing such waiver. Prior counsel testified that he explains the provision by informing the client that, by signing the plea agreement and submitting it to the government, he is effectively signing a written confession that will be admissible in court. Prior counsel testified that he could not remember the specific details of his discussion with Defendant, but stated that he was keenly aware of the importance of the Rule 410 waiver due to prior experience and that he, accordingly, made a habit of discussing it with every client. Prior counsel stated that he did not pressure Defendant to plead guilty, but did express to Defendant that the potentially lesser sentencing exposure resulting from a guilty plea was an incentive to plead

4

guilty. However, prior counsel stated that he informed Defendant that his case contained issues for trial and that he had experience trying cases in front of a jury. Prior counsel testified that he encouraged Defendant to ask questions about the plea agreement, that he answered Defendant's questions when asked and that Defendant expressed no inability to understand the agreement and voiced no questions or concerns about the Rule 410 waiver.

After reviewing the evidence of record, the court concludes that Defendant has failed to provide an "affirmative indication" that his waiver of rights under Rule 410 was unknowing or involuntary. Prior counsel testified about his standard practice of informing his clients about the waiver. He further stated with particularity the manner in which he describes the waiver to his clients and the reason that he takes particular care regarding the waiver provision. Although both prior counsel and Defendant lack any specific memories of a discussion about Rule 410, prior counsel testified to his standard practice and Defendant signed both the Rule 410 waiver and his acknowledgment that he "read each of the provisions of this entire plea agreement with the assistance of counsel and understands its provisions." Exhibit 1 to Government Motion at 10. In light of these factual circumstances, there is no evidence that Defendant's waiver of rights was unknowing or involuntary. Further, the court notes that a virtually identical Rule 410 waiver has been upheld as valid, where signed by a defendant knowingly and voluntarily and where the defendant likewise breached the underlying plea agreement by withdrawing the plea of guilty. *See Washburn*, 728 F.3d at 780-81. Therefore, the court finds Defendant's waiver of rights under Rule 410 to be valid. Accordingly, the Government Motion shall be granted with respect to the stipulation of facts contained within Defendant's withdrawn plea agreement. Such evidence shall be admissible at trial.

## B. Prior Convictions

Defendant seeks to exclude a series of prior convictions for: (1) robbery in the second degree; (2) possession of a controlled substance; (3) driving while license suspended; (4) delivery of a controlled substance; (5) interference with official acts; (6) domestic abuse assault; and (7) escape. *See* Defense Motion at 1-2. The government resists the Defense Motion only as to three convictions: (1) a 2009 conviction on two counts of delivery of a controlled substance; (2) a 2012 conviction for possession of a controlled substance, second offense; and (3) a 2012 conviction for possession of a controlled substance. *See* Resistance at 2. Accordingly, the Defense Motion shall be granted with respect to evidence of Defendant's convictions for robbery in the second degree, driving while license suspended, interference with official acts, domestic abuse assault and escape. Evidence of such convictions shall be excluded from trial.

Defendant cites only to Federal Rule of Evidence 609 as authority for exclusion of his prior convictions. *See* Brief in Support of Defense Motion (docket no. 66-1) at 2-4. The government seeks admission of all three prior drug convictions in its case in chief under Rule 404(b), and seeks admission of the 2009 conviction for delivery of a controlled substance under Rule 609 in the event Defendant testifies at trial. The court shall proceed to address the disputed convictions under both Rule 404(b) and Rule 609.

### 1. Rule 404(b)

Evidence of prior convictions is inadmissible to show that a defendant has a propensity for criminal conduct. *See* Fed. R. Evid. 404(b)(1). Despite this general prohibition, prior convictions are admissible for other purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Evidence of prior convictions is admissible under Rule 404(b) if it is "(1) relevant to a material issue; (2) similar in kind and close in time to the crime charged; (3) proven by a preponderance of the evidence; and (4) if the

potential prejudice does not substantially outweigh its probative value." *United States v. Battle*, 774 F.3d 504, 513 (8th Cir. 2014) (quoting *United States v. Thomas*, 389 F.3d 1058, 1062 (8th Cir. 2005)). Rule 404(b) "is considered a rule of inclusion, meaning that if these elements of admissibility are satisfied, the evidence will be excluded only when it is offered solely to prove criminal propensity." *United States v. Cotton*, __ F.3d __, __, 2016 WL 2909202, at *2 (8th Cir. May 19, 2016). "The government . . . must identify the permissible non-propensity purpose for the evidence, and must articulate the relationship between the prior conviction and a material issue in the case." *Id*. In doing so, "[m]ere recitation of the Rule without an accompanying case-specific analysis" will not suffice. *See id*.

The government does not identify what controlled substances were involved in Defendant's prior convictions. *See generally* Resistance. However, the final Presentence Investigation Report prepared prior to Defendant's withdrawal of his guilty plea reflects that each of the three convictions involved crack cocaine. *See* Final Presentence Investigation Report (docket no. 22) ¶¶ 30, 37, 40. The court recognizes that prior convictions involving different controlled substances than the instant offense may be admitted into evidence on certain occasions. *See United States v. Gaddy*, 532 F.3d 783, 789-90 (8th Cir. 2008) (finding no error in the admission of prior marijuana, cocaine and cocaine base convictions in a case involving the distribution of cocaine base). However, the court is unable to conclude from the briefing that the government can adequately articulate a permissible relationship between the prior convictions and a material issue in this case. Accordingly, the court shall reserve ruling on the Defense Motion with respect to evidence of Defendant's prior drug convictions from 2009 and 2012 during the government's case in chief.

## 2. *Rule 609*

Where a criminal defendant testifies as a witness on his own behalf, a crime punishable "by imprisonment for more than on year" must be admitted for impeachment purposes "if the probative value of the evidence outweighs its prejudicial effect to that defendant." Fed. R. Evid 609(a)(1)(B). "[P]rior convictions are highly probative of credibility 'because of the common sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath.'" *United States v. Collier*, 527 F.3d 695, 700 (8th Cir. 2008) (quoting *United States v. Chauncey*, 420 F.3d 864, 874 (8th Cir. 2005)).

Because Defendant's 2009 delivery of a controlled substance conviction was a felony conviction subject to imprisonment for more than one year and is less than ten years old, *see* Fed. R. Evid. 609(b), it "must be admitted" unless its probative value is outweighed by its prejudicial effect. Defendant does not clearly articulate why admission of the conviction under Rule 609 would be more prejudicial than probative. *See* Brief in Support of Defense Motion at 3-4 (stating, without explanation, Defendant's conclusion that "[t]he convictions are inadmissible because the probative value of admitting them does not outweigh their prejudicial effect to . . . Defendant"). Defendant implies that the prejudice arises from the fact that he has stipulated to his status as a felon, such that mention of the specific conviction is more prejudicial than probative. *See id.* at 4 n.1. However, under Rule 609, Defendant's conviction for delivery of a controlled substance for impeachment purposes is not probative of Defendant's felon status, but is instead probative of Defendant's credibility. *See Collier*, 527 F.3d at 700. Evidence of Defendant's 2009 conviction is highly probative of Defendant's credibility and, because it is admissible in the government's case in chief and will receive an appropriate limiting instruction, as noted above, its potential for prejudice does not outweigh its probative value. Therefore, it is admissible under Rule 609(a)(1)(B) in the event Defendant elects

to testify. Accordingly, the Defense Motion shall be denied with respect to evidence of Defendant's 2009 conviction for delivery of a controlled substance during cross examination of Defendant in the event he testifies. Such evidence shall be admissible at trial.

### *C. Conduct During Arrest*

Defendant seeks to exclude "[e]vidence that Defendant was involved in a physical altercation with law enforcement officers at the scene of the arrest, attempted to flee, and was tased." Defense Motion at 2. Defendant argues that such evidence is not relevant or, alternatively, that its probative value is substantially outweighed by the danger of unfair prejudice under Federal Rule of Evidence 403 because it "will inflame the jury against . . . Defendant." Brief in Support of Defense Motion at 5. The government argues that Defendant's altercation with and attempted flight from law enforcement is relevant as proof of Defendant's consciousness of guilt. *See* Resistance at 6-7.

Federal Rule of Evidence 402 provides that "[r]elevant evidence is admissible unless any of the following provides otherwise: the United States Constitution; a federal statute; [the Federal Rules of Evidence]; or other rules prescribed by the Supreme Court" and that, conversely, "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402 (formatting omitted). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Evidence of a defendant's flight from law enforcement "has probative value as an 'admission by conduct' of guilt or consciousness of guilt." *United States v. Johnson*, 535 F.3d 892, 895 (8th Cir. 2008) (quoting *United States v. Hankins*, 931 F.2d 1256, 1261

9

(8th Cir. 1991)). "Because such evidence might be 'only marginally probative as to the ultimate issue,' however," admissibility of evidence of flight depends upon whether the evidence at issue can reasonably support four inferences:

> (1) from the defendant's behavior to flight; (2) from flight to consciousness of guilt; (3) from consciousness of guilt to consciousness of guilt concerning the crime charged; and (4) from consciousness of guilt concerning the crime charged to actual guilt of the crime charged.

*Id.* (quoting *Hankins*, 931 F.2d at 1261). Like flight from law enforcement, resisting arrest is similarly probative of a defendant's consciousness of guilt. *See United States v. Bertling*, 2006 WL 2549253, at *2 (N.D. Iowa 2006) (citing 2 John H. Wigmore, Evidence § 276 (1979); *United States v. Clark*, 45 F.3d 1247, 1250 (8th Cir. 1995); *United States v. Graham*, 548 F.2d 1302, 1313 n.13 (8th Cir. 1977)) (unpublished decision).

According to the government, there is evidence that officers discovered a firearm and marijuana in Defendant's car during a traffic stop. Defendant was seated in the officer's patrol car during the stop, without restraint and with the door of the patrol car remaining open. After finding the firearm and marijuana, the officers approached Defendant and instructed him to put his hands behind his back. Defendant ignored the directive, pushed and struck one of the officers and attempted to leave the scene, before ultimately being tased and apprehended by the officers. This evidence strongly supports the requisite inferences that: (1) Defendant attempted to flee—supported by his actions of pushing and striking the officer and attempting to leave the area; (2) Defendant's flight reflects consciousness of guilt—supported by the fact that his actions occurred immediately after officers instructed him to put his hands behind his back; (3) Defendant's consciousness of guilt concerned the crimes charged—supported by the facts that his actions occurred after officers found the firearm and marijuana in his car and he sent a text message during the traffic stop instructing a woman to retrieve his car because he was

"dirty"; and (4) Defendant's consciousness of guilt implies actual guilt, supported by the contraband found in his car, the discovery of which precipitated Defendant's resistance and attempted flight. Therefore, the court finds that this evidence is admissible as probative of Defendant's consciousness of guilt. Further, the court does not find the probative value of the evidence to be substantially outweighed by the dangers listed in Rule 403. Accordingly, the Defense Motion shall be denied with respect to the evidence of Defendant's altercation with and flight from law enforcement. Such evidence shall be admissible at trial.

### D. *Multiple Girlfriends*

Defendant seeks to exclude "[e]vidence that Defendant has more than one girlfriend." Defense Motion at 2. Defendant argues that such evidence is not relevant or, alternatively, that its probative value is substantially outweighed by the danger of unfair prejudice under Federal Rule of Evidence 403 because it "will inflame the jury against . . . Defendant." Brief in Support of Defense Motion at 5. The government argues that evidence of Defendant's relationships with two women—K.M. and J.N.—is relevant insofar as it provides context for the events at issue. *See* Resistance at 7-8.

On questions of relevance, the court is mindful that "[a] jury is entitled to know the circumstances and background of a criminal charge." *United States v. White*, __ F.3d __, __, 2016 WL 3094182, at *6 (8th Cir. June 2, 2016) (quoting *United States v. Moore*, 735 F.2d 289, 292 (8th Cir. 1984)). "The jury cannot be expected to make its decision without information regarding the time, place, and circumstances of the acts forming the basis of the charge." *Id*.

According to the government, K.M. and J.N. are both tangentially involved in the instant case. The firearm and the car were both registered to K.M., who was not present at the traffic stop. J.N. knew Defendant to smoke marijuana, had received marijuana from Defendant and was present at the traffic stop. The government intends to describe

Defendant's relationship with the two women to explain the events of the night in question, including how Defendant would have known that there was a firearm in the car, how J.N. would know of Defendant's marijuana use and why Defendant would provide J.N. with marijuana. *See* Resistance at 7-8. At the final pretrial conference, the government stated that its evidence regarding Defendant's relationships with K.M. and J.N. would be of limited detail, consistent with the purpose of establishing mere context. When offered for this purpose, the court finds that evidence of Defendant's relationship with K.M. is probative of Defendant's knowing possession of K.M.'s firearm and the marijuana located in K.M.'s car, and evidence of Defendant's relationship with J.N. is probative of Defendant's intent to distribute the marijuana in the car (because he had provided J.N. with marijuana on past occasions), as well as his status as an unlawful drug user at the time of the traffic stop. Additionally, evidence regarding these relationships will further provide context for K.M. and J.N.'s testimony by establishing their credibility on the matters noted above. Further, the court does not find the probative value of the evidence to be substantially outweighed by the dangers listed in Rule 403. Accordingly, the Defense Motion shall be denied with respect to the evidence of Defendant's relationships with K.M. and J.N. Such evidence shall be admissible at trial.

### E. Sexually Explicit Videos

Defendant seeks to exclude "[e]vidence that a phone attributed to Defendant had videos of people masturbating." Defense Motion at 2. The government states that it "does not intend to offer this evidence in its case in chief." Resistance at 8. Accordingly, the Defense Motion shall be granted with respect to the sexually explicit videos found on Defendant's cell phone. Such evidence shall be excluded from trial.

### F. Child Car Seat

Defendant seeks to exclude "[e]vidence that there was a child car seat in the vehicle which was the subject of the traffic stop." Defense Motion at 2. The government states

that the "car seat is depicted in some of the photographs taken by police during the traffic stop" but that "the government does not intend on introducing any photographs depicting the car seat, or any other evidence of the car seat, in its case in chief." Resistance at 8. Accordingly, the Defense Motion shall be granted with respect to the child car seat located in the vehicle at the time of the traffic stop. Such evidence shall be excluded from trial.

## IV. CONCLUSION

In light of the foregoing, the Government Motion (docket no. 60) is **GRANTED** and the Defense Motion (docket no. 66) is **GRANTED IN PART, DENIED IN PART** and **RULING IS RESERVED IN PART**.

Each party is charged with the responsibility of cautioning its witnesses as to the substance of this Order. If during the presentation of evidence a party believes that a prohibited subject has become relevant or that the necessary predicates for admission have been established, the party may request an opportunity to argue for admissibility of the evidence outside the presence of the jury. Each ruling in this Order is binding on all parties.

**IT IS SO ORDERED**.

**DATED** this 8th day of June, 2016.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA